IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| MICHAEL LONDON, | : | |
| --- | --- | --- |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | NO. 5:11-CV-215-MTT-MSH |
| | : | |
| UNITED STATES OF AMERICA, et. al., | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. §1983 |
| Defendants | : | BEFORE THE U. S. MAGISTRATE JUDGE |
| | : | |

# ORDER

Plaintiff **MICHAEL LONDON**, a prisoner at the Calhoun State Prison in Morgan, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff has not paid the $350.00 filing fee or sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Because plaintiff has not paid the filing fee, the Court will assume he wishes to proceed *in forma pauperis*.

Under 28 U.S.C. § 1915(g), a prisoner is prohibited from bringing a civil action in federal court *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This code section, known as the "three strikes" provision of the Prison Litigation Reform Act, does not violate the doctrine of separation of powers, an inmate's right of access to the courts, an inmates right to due process of law, or an inmates right to equal protection. See Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007). Thus, dismissal of

a prisoner complaint under this section is constitutional. Id.

A review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff has exceeded the three "strikes" allowed by the PLRA. At present, at least four of Plaintiff's former cases have been dismissed as frivolous or for failure to state a claim: London v. Baker, 1:05-cv-2531 (N.D. Ga. Oct. 20, 2005); London v. Baker, 5:04-cv-50 (S.D. Ga. Sept. 16, 2004); London v. Battle, 5:00-cv-102 (M.D. Ga. Sept. 1, 2000); London v. Leager, 1:99-cv-2695 (N.D. Ga. Nov. 10, 1999).[1] Because of the dismissals of his prior actions, Plaintiff may not proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g). To satisfy this requirement, the prisoner must allege the existence of a present, imminent danger of serious physical injury. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff has not alleged any such danger in his Complaint.

Therefore, Plaintiff's request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice. If Plaintiff wishes to bring a new civil rights action against these Defendants, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint. See Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

---

[1] At least six subsequent lawsuits have also been dismissed under the three strikes provision: London v. State of Georgia, 5:11-cv-82 (M.D. Ga. March 7, 2011); London v. State of Georgia, 5:10-cv-362 (M.D. Ga. October 6, 2010); London v. Goodrich, 5:09-cv-133 (M.D. Ga. April 13, 2009); London v. United States, 5:08-cv-375 (M.D. Ga. Nov. 17, 2008); London v. Cooper, 5:08-cv-274 (M.D. Ga. August 26, 2008); London v. Coffee Correctional Facility, 5:08-cv-00249 (M.D. Ga. Aug. 1, 2008).

**SO ORDERED**, this 9th day of June, 2011.

                                                S/ Marc T. Treadwell
                                                MARC T. TREADWELL, JUDGE
                                                UNITED STATES DISTRICT COURT

jlr